No. 913 Southern Bristol, ss.

KALLER (Samuel Rosenberg)
v. PERRY (Felix F. Perrone)

From the Third District Court of Bristol—Potter, J.

Argued April 17, 1941—Opinion Filed May 28, 1941

ROWE, J. (Sanborn, P. J., & Rollins, J.)—This is an action of tort brought by a tenant for damages to his personal property claimed to be done by the defendant while he was doing some excavating for the landlord. The trial judge found for the plaintiff and denied the defendant's request that "the plaintiff's claim for damages to the portion of the cellar not included in the lease, and equipment therein cannot be maintained." The defendant claims to be aggrieved thereby.

The personal property here involved included meat hooks, oil stoves, scales, shelving and egg cases; these were situated in a portion of the cellar which the defendant contends was not within the leased premises. The defendant claims that the plaintiff was, at most, a bare licensee with reference to using that portion of the cellar and that the defendant would therefore be liable only for willful reckless or wanton wrongdoing of which he claims, there was no evidence.

The trial judge found specially that "the personal property above referred to was broken up and carried away" and that "there was testimony that the plaintiff had given permission to the defendant to do the work which was denied by the plaintiff. I find that the plaintiff did not give the defendant permission or consent to the act or acts which resulted in the destruction of the personal property."

The case presents simple questions of fact. Even if it be conceded that the plaintiff was not more than a bare licensee, as contended, the judge could find that the defendant had no right while making the excavation to break up and carry away the personal property, as is shown by the findings he made and which were warranted by the evidence.

There was no error with reference to the rulings made by the trial judge who by the disposition he made of the requests, in effect, ruled that the question of liability on the evidence was one of fact.

Report dismissed.